# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| STANLEY G. DENHOF, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-01050-RDP-HGD |
| CHARLES B. COVELLO, | ) |
|     Defendant. | ) |

## MEMORANDUM OF OPINION

This is an action by Plaintiff, Stanley G. Denhof, a Michigan prisoner, against Charles B. Covello, a private attorney in Grand Rapids, Michigan. At a time when Plaintiff was living in Florence, Alabama, he was arrested and extradited to Michigan. While in Michigan, Plaintiff and Defendant Covello "entered into an attorney-client relationship for an abuse-neglect case." (Doc. 1 at 4). That particular case was dismissed on August 22, 2008, at which time Plaintiff asked that Covello turn over his entire case file to a private investigator. *Id*.[1] Plaintiff presumed that Covello had complied, until three years later when his sister found a letter from Covello in Plaintiff's county jail personal property in which Covello stated he was withholding three documents.[2] *Id*. Plaintiff alleges that Covello continues to maintain his entire file, including the three documents at issue, and states in vague and conclusory fashion that "[h]ad these reports been given when first requested [he]

---

[1] It is evident that at some point Plaintiff was convicted of a crime in Michigan, where he is presently incarcerated in the Muskegon Correctional Facility in Muskegon, Michigan.

[2] In subsequent correspondence to Plaintiff, Covello advised that he would be sending the three documents, which consisted of medical and psychological reports of third parties, back "to the agencies of origin" because of medical privacy concerns. (Doc. 1 at 4 and 9).

would not have had to endure the past 7 years in prison." *Id*. He now seeks compensatory damages "in whatever amount he may be entitled," together with interest, costs, and attorney fees, and an order requiring that "the three reports in question" be provided to him. *Id*.

Based upon the complaint, it appears Defendant is a private actor and that there is no federal claim asserted. However, Plaintiff contends that this court has jurisdiction of his claim because of the diversity between the parties and because his damages exceed $75,000.[3] *See* 28 U.S.C. § 1332. Although he is presently incarcerated in Michigan, he contends he "has every intention of returning to Alabama once he is released from prison." (Doc. 1 at 4).[4] First, it is doubtful Plaintiff's complaint satisfies the requirements of proving the threshold monetary amount in controversy to invoke diversity jurisdiction. Second, and in any event, the court need not address the amount in controversy issue because there is nothing in the complaint which indicates Defendant has sufficient ties with the State of Alabama for this court to exercise personal jurisdiction over him.

The determination of whether the court has personal jurisdiction over an out-of-state defendant is normally determined by a two-step process. The first inquiry is "whether the exercise

---

[3] Plaintiff does nothing more than make the bare assertion that his claim for damages exceeds $75,000. In that regard, it important to note that there is no presumption in favor of federal court jurisdiction, and a party cannot merely "confer jurisdiction upon the federal court." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). It therefore seems clear that Plaintiff has a burden of establishing jurisdiction, which would include making a showing that the amount in controversy meets or exceeds the required amount in 28 U.S.C. § 1332. *See Allah El v. Avesta Homes, LLC*, 520 Fed.Appx. 806, 809 (11th Cir. 2013) ("The party filing suit in federal court bears the burden of establishing facts supporting jurisdiction"), *citing Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

[4] Case law supports Plaintiff's contention that he may consider Alabama as his domicile. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) ("A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration") (citation omitted).

of jurisdiction is appropriate under the forum state's long arm statute." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (*citing Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1966)).  The second inquiry is "whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice." *Id*. (internal quotation marks omitted) *(quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Eleventh Circuit has held that "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Id*. (*citing* Ala. R. Civ. P. 4.2(b) and *Sieber v. Campbell*, 810 So.2d 641, 644 (Ala. 2001)).  Accordingly, for federal courts located in Alabama, "our jurisdictional analysis collapses into a single determination of whether the exercise of personal jurisdiction comports with due process." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1329 (11th Cir. 2009).

Again, in order to subject a defendant to *in personam* jurisdiction, due process requires that Defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Avocent Huntsville*, 552 F.3d at 1329.  In that regard, "the Supreme Court has repeatedly cautioned that 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id*. (*quoting Hanson v. Denkla*, 357 U.S. 235, 253 (1958)). Although *Avocent* involved a business' contact with the forum state, the legal axiom applies equally to individuals.  The Supreme Court has recognized that "[d]ue process does not contemplate that a state may make binding a judgment *in*

*personam* against an individual . . . with which the state has no contacts, ties, or relations." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (*quoting International Shoe*, 326 U.S. at 319). Furthermore, "the plaintiff cannot be the only link between the defendant and the forum . . . . [instead] it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. Accordingly, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id*. (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Applying these principles to Plaintiff's complaint, it is clear that Defendant has insufficient contacts (if any) with the State of Alabama for this court to exercise personal jurisdiction over him in this matter. There is nothing in the complaint to indicate Defendant has had any contact with Alabama, either directly or indirectly, other than his representation of Plaintiff (who claims to be an Alabama resident) in Michigan courts.[5] Under these circumstances, it would offend traditional notions of fair play and substantial justice for this court to exercise jurisdiction over Attorney Covello in this action.

The court is aware of the case law which allows for transfer of venue, in lieu of dismissal, in the case where a particular court lacks personal jurisdiction over a defendant. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Goldlawr, Inc. v. Heiman*, 369

---

[5] In part II of the complaint form, Plaintiff states: "I was living in Florence when I was incarcerated, which activated the attorney client relationship." (Doc. 1 at 1). This vague and conclusory statement does not show that Covello has had sufficient minimum contacts with Alabama for this court to assert personal jurisdiction over him. Moreover, Plaintiff alleges that the attorney-client relationship he had with Defendant began after his extradition, and it is clear that the relationship involved Defendant representing Plaintiff in Michigan.

U.S. 463, 466 (1962). However, in this instance, the court takes judicial notice of the proceedings in the United States District Court for the Western District of Michigan, Case No. 1:15-cv-578, in which the court there found as frivolous, pursuant to the *Rooker-Feldman* doctrine, the plaintiff's attempt to transfer litigation involving these same facts from the Michigan state court to the federal court. Because there is little reason to believe this case, if transferred to the federal court in Michigan, would receive more favorable treatment than its predecessor, the court declines to exercise that option.

Accordingly, the court finds that this action is due to be dismissed without prejudice for failure of personal jurisdiction over Defendant. A separate order will be entered accordingly.

Based upon the foregoing, Plaintiff's application to proceed *in forma pauperis* (doc. 2), motion for appointment of counsel (doc. 3), and motion to amend complaint (doc. 4) are due to be denied without prejudice as moot.

The Clerk is **DIRECTED** to serve a copy of the Memorandum of Opinion and Order of Dismissal upon Plaintiff.

**DONE** and **ORDERED** this ___28th___ day of July, 2015.

```
                                   _____
                                   R. DAVID PROCTOR
                                   UNITED STATES DISTRICT JUDGE
```